### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **KIRK GAYLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.** |
| | ) _____ |
| **ONEMAIN FINANCIAL,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

COMES NOW defendant OneMain Financial Group, LLC ("OneMain"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and preserving its right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. and hereby gives notice of removal of this action from the Magistrate Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support thereof, OneMain respectfully shows unto the Court as follows:

61341918 v1

## PROCEDURAL HISTORY

1. Plaintiff Kirk Gayle ("Plaintiff") commenced this action by filing a Complaint in the Magistrate Court of Fulton County, Georgia, on or about May 19, 2025, assigned the case number 25MS230187. (*See* Complaint, attached hereto with the state court file as **Exhibit A**.) The Magistrate Court of Fulton County, Georgia, is a state court within this judicial district and division.

2. OneMain was served with the Complaint on May 23, 2025.

3. In the Complaint, Plaintiff asserts claims against OneMain under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); as well as the Georgia Fair Business Practices Act, O.G.C.A. ("FBPA"). *See generally* Ex. A.

4. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## **FEDERAL QUESTION JURISDICTION**

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff asserts claims for alleged violations of the FCRA and the FDCPA, which are federal statutes. *See generally* Ex. A. Accordingly, Plaintiff's claims in this action arise under the laws of the United States and fall within this Court's original jurisdiction.

## **SUPPLEMENTAL JURISDICTION**

8. This Court can exercise supplemental jurisdiction over Plaintiff's state law claim for violation of FBPA, as it forms part of the same case or controversy as Plaintiff's federal claims.

9. The supplemental jurisdiction statute, section 1367, provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

10. In the instant case, Plaintiff's state law claim for violations of the FBPA is related to Plaintiff's federal claims. Namely, all of Plaintiff's claims arise from Plaintiff's allegations that OneMain engaged in deceptive and unfair credit reporting. (*See generally* Ex. A.) Thus, Plaintiff's state law claim in this case is "so related to claims in the action within [this Court's] original jurisdiction" that it forms part of the same case or controversy and, as such, falls squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

11. It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## ADOPTION AND RESERVATION OF DEFENSES

12. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of OneMain's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise. OneMain also reserves the right to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## **PROCEDURAL REQUIREMENTS**

13. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

14. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleading, or order served upon OneMain to date in this case.

15. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446(b)(2)(B).

16. OneMain has not previously sought similar relief.

17. The United States District Court for the Northern District of Georgia, Atlanta Division, is the District and Division embracing the place where this action is pending in state court.

18. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, OneMain has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Magistrate Court of Fulton County,

Georgia. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

WHEREFORE, OneMain prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Magistrate Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 23rd day of June, 2025.

>  */s/ Rachel R. Friedman*
> Rachel R. Friedman
> Georgia Bar No. 456493
> rfriedman@burr.com
> BURR & FORMAN, LLP
> 1075 Peachtree Street NE, Suite 3000
> Atlanta, GA 30309
> Telephone: (404) 815-3000
> Facsimile: (404) 817-3244
>
> Attorney for Defendant
> ONEMAIN FINANCIAL GROUP, LLC

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com


BURR & FORMAN LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, on this 23rd day of June, 2025:

Kirk Gayle
399 Grayson Way
Alpharetta, GA 30004

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com